## Robert P. Garsed, Plff. in Err., *v.* Charles A. Rutter.

An affidavit of defense to an action upon a promissory note, which states that plaintiff undertook to perform certain services for a certain sum; that he called upon defendant and said that in case defendant should die there would be no evidence of the amount to be paid; that he requested notes which he promised to hold until the services were performed; that he had not complied with his agreement, and was not entitled to receive any part of the notes; but does not aver that the notes were given in pursuance or acceptance of any proposal made by plaintiff,—is insufficient.

(Decided April 5, 1886.)

Error to the Common Pleas, No. 1, of Philadelphia County to review a judgment entered for want of sufficient affidavit of defense. Affirmed.

NOTE.—An affidavit of defense to a promissory note which sets up a collateral agreement, which contradicts the terms of the note, is insufficient. Lee v. Longbottom, 173 Pa. 408, 34 Atl. 436; Superior Nat. Bank v. Stadelman, 153 Pa. 634, 26 Atl. 201; Rice v. Morris, 4 Whart. 249; Coil v. Pittsburgh Female College, 40 Pa. 439.

This action was brought upon the following due bill and promissory note:

Phila., April 7, 1882.

Due to Charles A. Rutter, the sum of one hundred dollars on account of patents, payable on demand.

$100.  R. P. Garsed.

$350.  Phila., April 27, 1885.

Four months after date, I promise to pay to the order of Charles A. Rutter, three hundred and fifty dollars, at No. 17 South Third Street, without defalcation, for value received.

No....  Due..........  R. P. Garsed.

To this claim the defendant filed the following affidavit of defense:

Robert P. Garsed, being duly sworn according to law, says that he is the above defendant, and that he has a just and legal defense to the above suit, as follows, *viz.*: The said plaintiff proposed to prepare drawings for deponent for twenty patents, and to obtain letters patent from the United States Patent Office at Washington for the sum of $25 for each patent, said sum of $25 to be paid as each patent was obtained from the Patent Office, and not before; that plaintiff called on deponent, and said: If you (meaning deponent) should die, there would be no evidence of what the plaintiff was to receive; and requested deponent to give him notes, and he would hold the same until the patents were obtained.

Deponent further says that the plaintiff has not procured the patents for deponent as he agreed to do; that he has not complied with his agreement, and that until he obtains the patents as he agreed to do he is not entitled to receive any part of the notes sued on. All of which he expects to be able to prove at the trial of the case.  R. P. Garsed.

The court entered judgment for the plaintiff for want of a sufficient affidavit of defense, and the defendant brought error.

*J. M. Moyer,* for plaintiff in error.—A statement of facts contained in an affidavit of defense sworn to must be assumed to be true, and when sufficient in substance the defendant is enti-

tled to have the case go to a jury, and not have judgment entered against him. Hoffner v. Logan Square Bldg. & L. Asso. 41 Phila. Leg. Int. 450.

Where an affidavit set forth a prima facie defense the court will not decide further upon the case. Chartiers R. Co. v. Hodgens, 77 Pa. 187.

It is not necessary for the defendant to meet by his oath every objection or argument against his case which fine critical skill may deduce. Generally it is sufficient if an affidavit of defense set forth facts showing a substantial prima facie defense. Leibersperger v. Reading Sav. Bank, 30 Pa. 531; Thompson v. Clark, 56 Pa. 33; Selden v. Neemes, 43 Pa. 421.

A reasonable intendment must be made in favor of affidavits of defense. Twitchell v. McMurtrie, 77 Pa. 383.

If the circumstances make out a prima facie case of fraud on the maker, even of negotiable paper, the holder must establish his title to it. Ibid.

*Henry T. Dechert,* for defendant in error.—The affidavit of defense required by the 2d section of the act of the 28th of February, 1835, must be construed most favorably for the plaintiff, as it is altogether probable that the defendant will, in all cases, state the nature and character of the defense as strongly as the facts will justify. We can, at any rate, make no intendments for him. The court has a right to expect a clear and distinct averment of the facts on which the defense must turn. Comly v. Bryan, 5 Whart. 261.

This early declaration of the practice under the act of 1835 has been applied and followed in a long line of cases. Rising v. Patterson, 5 Whart. 316; Brick v. Coster, 4 Watts & S. 494; Moore v. Somerset, 6 Watts & S. 262; Bryar v. Harrison, 37 Pa. 233; Black v. Halstead, 39 Pa. 64; Woods v. Watkins, 40 Pa. 458; Blackburn v. Ormsby, 41 Pa. 97; Anspach v. Bast, 52 Pa. 356; Peck v. Jones, 70 Pa. 83; Bright v. Hewitt, 2 W. N. C. 626; Bruner v. Wallace, 4 W. N. C. 53; Martien v. Woodruff, 4 W. N. C. 211; Asay v. Lieber, 8 W. N. C. 125; Warner v. Wenrich, 34 Phila. Leg. Int. 297; Fox v. Horstman, 34 Phila. Leg. Int. 313; Bardsley v. Delp, 88 Pa. 420.

The affidavit should state specifically and at length the nature and character of the defense relied on, and should set forth such facts as will warrant the legal inference of a full and legal

defense. An affidavit is not sufficient which avers the nonperformance of a condition on the part of the plaintiff, which is not necessarily connected with the contract under which the plaintiff seeks to recover. Bryar v. Harrison, 37 Pa. 233.

It is well settled that, where there is no evidence of fraud, accident, or mistake, it is incompetent to contradict the terms of a promissory note by showing that it was given for a different purpose than that appearing on its face. Hill v. Gaw, 4 Pa. 493; Anspach v. Bast, 52 Pa. 356; Hacker v. National Oil Ref. Co. 73 Pa. 93; Phillips v. Meily, 15 W. N. C. 225; Meily v. Phillips, 16 W. N. C. 429:

The want or failure of consideration requires the utmost particularity of allegation. Bright v. Hewitt, 2 W. N. C. 626.

The burden of proving it always rests on the defendant. Conmey v. Macfarlane, 97 Pa. 361.

PER CURIAM:

The learned judge committed no error in holding the affidavit of defense to be insufficient to prevent judgment being taken. It does not aver that the notes were given in pursuance or acceptance of any proposition made to him. The nature and character of the defense, as set forth, are not such as to constitute a legal defense.

Judgment affirmed.